Daniel **DENN** and Mary
**Denn, Plaintiffs,**

v.

**VANGUARD INSURANCE
COMPANY, Defendant.**

**No. 87 CV 3643.**

United States District Court,
E.D. New York.

Feb. 28, 1989.

Stuart P. Schlem, New York City for plaintiffs.

Wiesen, Gurfein & Jenkins by Laurie A. Hrabchak, New York City, for defendant.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Plaintiffs, mother and son, are the owners of a two-story building at 23–10 150th Street, Whitestone, New York. Defendant issued an insurance policy which insured the building, up to $55,000 for contents to the premises and loss of use in the amount of $22,000. On May 14, 1987, a fire occurred. Plaintiffs have received a settlement for damage to the building structure, but defendant had denied the claim for contents damage and loss of use.

Plaintiffs move for summary judgment on the ground that the insurance policy covered all members of the same household, or, alternatively, for an order dismissing one or more of defendant's affirmative defenses. Defendant argues that Violet McDermott, sister of plaintiff Daniel and daughter of plaintiff Mary, and her two daughters are not members of plaintiffs' household and are, therefore, not covered.

## DISCUSSION

### Residents of Household

Under "Definitions" in the policy in question, paragraph 3 defines "insured" as you and residents of your household who are:

    a. your relatives; or

    b. other persons under the age of 21 and in the care of any person named above.

Defendant does not dispute that Violet McDermott and her two daughters are relatives of plaintiffs. What defendant disputes is that they are residents of plaintiffs' household. Plaintiffs argue that although the building was originally built as a two-family residence, they all live as one household, sharing meals, space, one telephone, and household expenses. Nowhere does the policy define "household" and defendant does not offer a definition in the papers submitted, but essentially argues that whatever the definition this situation does not fit into it.

Defendant claims that Violet McDermott pays "rent" to plaintiffs, is therefore a tenant and cannot be a member of the plaintiffs' household. Violet McDermott does receive public assistance money from the Department of Social Services which she contributes to the household expenses. The undersigned reviewed *in camera* the records of the Department of Social Servic-

es regarding Violet McDermott. Receipt of public assistance money and contribution of the same to household expenses does not in and of itself change the nature of the relationship between plaintiffs and Violet McDermott and her two daughters. Violet McDermott and her daughters are still relatives who live with the insureds whether or not they contribute to the household expenses.

The characterization of these contributions as "rent" still does not place Violet McDermott and her daughters outside of the definition of "insured." The definition does not distinguish between members of the household on the basis of whether they do or do not pay rent. The policy only excludes non-relatives rent-paying or not, except those non-relatives under the age of 21 whether or not they pay "rent" who are in the care of relatives.[1]

Defendant argues that because this is a two-family building, it cannot contain one household, even though these people are all related, but must be two households. Defendant argues that because when the building was designed and built, it included two apartments each with its own fully equipped kitchen, fully equipped bathrooms, separate doorbells and separate electric meters, it can never be occupied by one household. Under this argument, even a "traditional" family consisting of two parents and their children occupying the entire building would not be one household. If the children occupied the bedrooms in the second apartment upstairs, according to defendant, they would be a separate second household uninsured by this policy. This is an untenable and indeed frivolous [2] interpretation of the language of the policy.

Violet McDermott and her two daughters are "insureds" under the definition of this policy as relatives of the policyholders who reside in the same household as the policyholders.

### Affirmative Defenses

Defendant has asserted five affirmative defenses:

1. willful concealment, misrepresentation and gross exaggeration of the claim;

2. failure to supply complete and adequate documentation of the items damaged;

3. failure to comply with the requirements of the policy prior to commencement of the suit;

4. lack of coverage for the contents of the upstairs unit; and

5. lack of jurisdiction.

▮▮▮ Defendant, in its Memorandum of Law, waives the fifth defense since "defendant was at all times accessible to process in this State and actually had notice of the suit albeit not formally or properly served." Defendant's first and fourth affirmative defenses must be dismissed since the policy in question does not exclude the "upstairs unit" and because the basis for the gross exaggeration defense is that plaintiffs included in their claim damage to the contents of that upstairs unit. The third affirmative defense must also be dismissed as it too is based on the Proof of Loss submitted by plaintiffs which included the contents of the upstairs unit.

▮▮▮ It is unclear from defendant's papers exactly what documentation for the damaged items plaintiffs failed to provide which forms the basis for its second affirm-

---

**1.** It is interesting to note that the policy does cover property of "roomers and boarders related to an insured." Webster's New World Dictionary defines "roomer" as "a person who rents a room or rooms to live in" and a "boarder" as "a person who regularly gets his meals or room and meals at another's home for pay." Both of these definitions would cover Violet McDermott's and her daughters' property if her contributions to the household expenses are considered rent or payment for rooms and/or meals.

**2.** The defense advanced in this case is the kind of defense that makes policyholders justifiably mad and leads them to take actions such as were taken in California this last fall. One would think that if there are any responsible officials left in the insurance "industry" (as they self-style their business) they would seek to correct this type of activity by their claims departments before it is too late.

ative defense. Plaintiffs argue that the Proof of Loss in question is the same as that submitted with the building claim which defendant has already paid and that, therefore, defendant may not now claim this same Proof of Loss is insufficient. We agree.

## CONCLUSION

For the reasons set forth above plaintiffs' motion for summary judgment is granted and each of defendant's affirmative defenses, therefore, must be and the same are hereby dismissed.

SO ORDERED.